UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| INTERLINE BRANDS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:18-cv-00559 |
| ) | |
| WATTS REGULATOR CO. AND WATTS ) | JUDGE CAMPBELL |
| WATER TECHNOLOGIES, INC. ) | MAGISTRATE JUDGE HOLMES |
| ) | |
| Defendants. ) | |
| ) | |

## NOTICE OF CONSENTED MOTION TO SEAL THE COMPLAINT

COMES NOW, Plaintiff Interline Brands, Inc. ("Interline"), through its respective undersigned counsel, and hereby files this notice of motion to seal the Complaint in this action (Dkt No. 1), which discloses the parties' settlement negotiations. Defendants Watts Regulator Co. and Watts Water Technologies, Inc. (collectively, "Watts") consent to the sealing of the Complaint.

Interline filed this lawsuit on June 15, 2018, to enforce what it contends, and Watts disputes, was a settlement agreement previously entered into by Interline and Watts. The Complaint filed with the Court in this matter should be sealed because it discloses sensitive and confidential settlement negotiations, and the settlement amount, of the alleged prior settlement. Declaration of Mark L. Block filed concurrently herewith, ¶ 2. Indeed, the parties' subsequent settlement agreement, by which they settled this lawsuit pursuant to the terms set forth therein, contains a confidentiality provision and a provision requiring Interline to request that the Court seal this court record. *Id*., ¶ 3.

As recognized by the Northern District of Ohio, the Sixth Circuit permits the sealing of court filings to protect confidential settlement negotiations:

> ***The Sixth Circuit strongly favors the confidentiality of settlement negotiations, including protecting settlement communications made in other cases***. *Goodyear Tire & Rubber Co v. Chiles Power Supply, Inc.*, 332 F.3d 976, 981 (6th Cir. 2003). The "strong public interest" of being able to negotiate in good faith without fear of compromising one's trial position motivates this policy.
>
> \*\*\*
>
> … the interest of secrecy regarding settlement negotiations supersedes the public's interest in an open record. *Goodyear*, 332 F.3d at 980 ("There exists a strong public interest in favor of secrecy of matters discussed by the parties during settlement negotiations."). ***Thus, sealing the amended complaint (and any subsequent filing that must detail the settlement) solves those independent interests***.

*Liberty Ins. Co. v. Flexible Foam Products*, No. 3:12 CV 855, 2013 WL 12284470, *2, 3 (N.D. Ohio Jul. 16, 2013) (emphasis added); *Batts v. United Parcel Service, Inc.*, Case No. 2:13-cv-107, 2015 WL 1061984, at *3 (E.D. Tenn. 2015) (granting a motion to seal a filing containing the parties' settlement agreement due to the settlement agreement's confidentiality section); *accord, George v. Bdeir*, Case No. 16-12749, 2016 WL 6777858, at *1–2 (E.D. Mich. 2016).

Because the Complaint discloses sensitive and confidential settlement negotiations as well as the settlement amount, "the interest of secrecy regarding settlement negotiations supersedes the public's interest in an open record." *Id.* Interline therefore respectfully requests that the Court seal the Complaint filed in this action (Dkt No. 1).

Respectfully Submitted,

**WARGO & FRENCH, LLP**

s/ Mark L. Block
MARK L. BLOCK
admitted *pro hac vice*
California Bar No. 115457
601 S. Figueroa St, Suite 4625
Los Angeles, CA 90017
Telephone: (310) 853-6355
Facsimile: (310) 853-6333
E-mail: mblock@wargofrench.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 25th, 2018, a copy of the foregoing Notice of Joint Motion to Seal the Complaint was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                        s/ Mark L. Block

                                        Mark L. Block
                                        Attorney for Plaintiff